UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILTON IRVON LOMBARD,<br><br>Plaintiff,<br><br>v.<br><br>DARLENE MARIE LOMBARD BAKER, et al.,<br><br>Defendants. | Case No. 22-cv-02088-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE**<br><br>Re: Dkt. No. 15 |

Now before the Court for consideration is the motion to dismiss or transfer this action to the District Court for the Middle District of Alabama filed by Defendants Kevin Baker and Darlene Baker ("Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS Defendants' motion and TRANSFERS this action to the Middle District of Alabama.

**BACKGROUND**

This case arises out of trust and estate dispute between Plaintiff Wilton Lombard ("Plaintiff") and his sister and brother-in-law. On March 28, 2022, Plaintiff filed the complaint in this case in the Northern District of Texas. (Dkt. No. 1 ("Compl.").) On March 31, 2022, the magistrate judge assigned to the case determined venue was not proper in that district and issued an order *sua sponte* transferring the case to this District. (Dkt. No. 6.) Defendants now move to dismiss, or in the alternative, transfer for improper venue.

The Court will address additional facts as necessary in the analysis.

//

//


# ANALYSIS

**A.     Applicable Legal Standard.**

Defendants move to dismiss or transfer for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).  Plaintiff bears the burden to establish that venue in this district is proper.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  To resolve a Rule 12(b)(3) motion, "pleadings need not be accepted as true, and facts outside the pleadings may be considered."  *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).  If venue is improper, a district court has discretion either to dismiss the action, or in the interest of justice, transfer the action to a district in which it could have been brought.  28 U.S.C. § 1406(a); *see also Dist. No. 1, Pac. Coast Dist. v. Alaska*, 682 F.2d 797, 799 n.3 (9th Cir. 1982).

28 U.S.C. section 1391(b) defines when venue is proper and allows a plaintiff to bring a civil action in:

> (1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Courts should look to the categories of section 1391(b) to determine if venue that has been challenged is proper.  *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court of W. Dist. of Tex.*, 571 U.S. 49, 55-56 (2013).  If the case falls into one of the three categories of section 1391(b), venue is proper.  *Id*. at 56.  If the case does not fall into one of the three categories, "venue is improper, and the case must be dismissed or transferred under section 1406(a)."  *Id*.

**B.     Venue is Improper in This District.**

Defendants argue that venue is not proper under either subsection (1) or (2) of section 1391(b).  In his complaint, Plaintiff alleges that Defendants reside in Alamo, CA.  (Dkt. No. 1 at 2.)  The magistrate judge in the Northern District of Texas relied on this allegation in deciding to

transfer this action to this District. (Dkt. No. 6.) In the motion to dismiss or transfer, Defendants assert that they no longer reside in California and now reside in Tallassee, Alabama, which is in the Middle District of Alabama. Defendants have submitted evidence establishing that they are domiciled in Alabama and have been since December 2020. (*See* Mot., Ex. A.) Plaintiff does not dispute that Defendants now reside in Alabama. Accordingly, venue is improper in this district under section 1391(b)(1).

With regard to subsection (b)(2), the complaint and the motion papers fail to establish that a substantial part of the events giving rise to this action occurred in this District. Instead, the relevant events, including the creation and filing of the trust at issue, occurred in or around Montgomery, Alabama, which is in the Middle District of Alabama. (*See, e.g.*, Compl. ¶ 3.) Accordingly, venue is improper in this District under section 1391(b)(2).

Finally, under section 1393(b)(3), if no district exists in which an action may be brought, venue is proper in any judicial district in which any defendant is subject to the court's personal jurisdiction. As discussed above, Defendants reside in the Middle District of Alabama, and a substantial part of the events alleged by Plaintiff occurred in that district. Thus, venue would be proper in the Middle District of Alabama under section 1391(b)(1) or (b)(2), and section 1391(b)(3) is not applicable in this case.

Because the Court concludes that venue in this District is improper, it must determine whether to dismiss or to transfer the case to a proper venue if transfer would "be in the interest of justice." 28 U.S.C. § 1406(a). Although the decision to transfer or dismiss is committed to the sound discretion of the court, the interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-467 (1962). The Middle District of Alabama is an appropriate venue for this action under 28 U.S.C. section 1391(b)(1) and (b)(2). The Court concludes that the interests of justice in this case weigh in favor of transfer. The Court exercises its discretion to transfer, rather than dismiss, this case.

Although Plaintiff does not oppose change of venue, he argues that the Court should transfer the case back to the Northern District of Texas. However, it has already been determined

3

that the Northern District of Texas is not an appropriate venue for this action. (*See* Dkt. No. 6.) No defendant resides there and none of the significant events giving rise to this action occurred there. Thus, the Court denies Plaintiff's request to transfer the case back to the Northern District of Texas.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss or, in the alternative, to transfer. This action shall be transferred to the Middle District of Alabama. The Clerk is directed to transfer the file.

**IT IS SO ORDERED.**

Dated: May 31, 2022

_____
JEFFREY S. WHITE
United States District Judge