IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILTON IRVON LOMBARD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-cv-328-ECM-JTA |
| | ) | (WO) |
| DARLENE MARIE LOMBARD | ) | |
| BAKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court are the following motions: Defendants' Motion to Strike Plaintiff's Affidavit of Mary Crabtree (Doc. No. 71); Defendants' Motion for Protective Order, Sanctions, and Request for an Immediate Hearing (Doc. No. 75); Plaintiff's Motion to Sanction (Doc. No. 78); Plaintiff's Motion to Consider Proposed Order (Doc. No. 81); Plaintiff's Motion to Strike (Doc. No. 89); Defendants' Motion to Strike Plaintiff's Submitted Affidavits and Supplement to Motion for Protective Order (Doc. No. 91); Plaintiff's Motion to Compel Discovery and Pretrial Settlement Conference (Doc. No. 96); Defendants' Renewed Motion to File Documents Under Seal (Doc. No. 102); Plaintiff's Reply to False, Defamatory, Stigmatizing, and Injurious Allegations and Motion to Seal (Doc. No. 103); Plaintiff's Reply to False, Defamatory, Stigmatizing, and Injurious Allegations and Motion to Strike and Motion to Seal (Doc. No. 104); and Plaintiff's Motion to Compel Discovery, Motion to Compel Answers to Interrogatories, and Motion to Set for Jury Trial (Doc. No. 107).

For the reasons stated below, Defendants' Renewed Motion to File Documents Under Seal (Doc. No. 102) is due to be GRANTED and the remaining motions (Docs. No. 71, 75, 78, 81, 89, 91, 96, 103, 104, and 107) are due to be DENIED.

## I. JURISDICTION

The court exercises jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332. The value of Plaintiff's claims exceeds $75,000.00 and the parties are completely diverse. The parties do not contest personal jurisdiction or venue, and the court finds sufficient allegations to support both in the Middle District of Alabama.

## II. ANALYSIS

A.    Motion to Strike Plaintiff's Affidavit of Mary Crabtree (Doc. No. 71)

On October 24, 2022, Plaintiff filed an Affidavit of Fact from Mary Crabtree. (Doc. No. 69.) Plaintiff submitted the Affidavit in support of his argument that the statute of limitations on his claims was equitably tolled because of his disability. Defendants seek to strike the Affidavit of Mary Crabtree because it was filed out of time for responding to Defendants' dispositive motion, because Plaintiff did not establish Crabtree as an expert, and because the Affidavit allegedly fails to sufficiently set forth the basis of Crabtree's personal knowledge of the facts to which she attests.

In the affidavit, Crabtree, a friend of Plaintiff's, explains that Plaintiff is disabled. However, as more fully explained in the Recommendation and Order entered February 22, 2023, being disabled is not alone sufficient to equitably toll the statute of limitations; the disability must have presented an extraordinary circumstance that prevented Plaintiff from exercising his right to file suit. (*See* Doc. No. 106 at 17-21 (discussing the requisite level

of disability to meet equitable tolling requirements and the requirements of Alabama's general tolling provision, Ala. Code 1975 § 6-2-8).) As further explained in the February 22, 2023 Recommendation and Order (Doc. No. 106), the undisputed evidence demonstrated that Plaintiff's disability did not prevent him from filing and meaningfully participating in litigation during the limitations period and thus did not equitably toll the statute or trigger the tolling provision of § 6-2-8. (*Id*. at 17-21, 26-27, 29-30, 34-35.)

Crabtree's affidavit contains no facts from which it could reasonably be inferred that Plaintiff's disability prevented him from filing suit during the limitations period.[1] At most, it merely provides additional evidence to confirm Plaintiff's allegation that he currently suffers from various mental and physical disabilities. However, even without the benefit of the Crabtree's affidavit, in considering Plaintiff's tolling argument, the court assumed as true Plaintiff's allegations that he is disabled and that he suffered from disabilities during the limitations period. (*Id*. at 17-21, 26-27, 29-30, 34-35.) Accordingly, the affidavit of Mary Crabtree was not necessary to the disposition of the motion for summary judgment and would have made no difference to the outcome of the February 23, 2023 Recommendation and Order (Doc. No. 106) had the court considered it.

Because the Affidavit of Mary Crabtree was not considered in the Recommendation and Order, and because the Affidavit would have had no effect on the outcome of the

---

[1] Crabtree does not indicate the dates on which she personally observed Plaintiff's disabilities, the dates during which Plaintiff's disabilities afflicted him, whether she has personal knowledge of the extent to which Plaintiff's disabilities may have affected him during the limitations periods relevant to this case, or the extent to which Plaintiff's disabilities affected him during the relevant limitations periods.

February 23, 2023 Recommendation and Order (Doc. No. 106), Defendants' motion to strike Plaintiff's Affidavit of Mary Crabtree (Doc. No. 71) is due to be denied as moot.

**B.**     **Defendants' Motion for Protective Order, Sanctions, and Request for an Immediate Hearing (Doc. No. 75)**

Also pending before the court is Defendants' Motion for Protective Order, Sanctions, and Request for an Immediate Hearing. (Doc. No. 75.) Defendants seek redress for Plaintiff's allegedly vituperous rhetoric toward Defendants' counsel, threats to post accusations of racism online, threats to file motions for sanctions, and threats to file additional lawsuits. The alleged motivation for Plaintiff's statements toward Defendants' counsel is his anger at Defendants' Motion to Strike Plaintiff's Affidavit of Mary Crabtree. (Doc. No. 71.) Plaintiff claims, incorrectly, that the motion to strike was misogynist, racist, and sexist toward Crabtree. That is not the case. The motion to strike (Doc. No. 71) contains arguments concerning Crabtree's alleged lack of personal knowledge to testify as a lay witness and her alleged lack of qualifications to testify as an expert. Defendants also object to the substance of Crabtree's testimony and to the fact that the affidavit was filed out of time insofar as Plaintiff sought to use it to bolster his arguments in opposition to Defendants' then-pending dispositive motion. Nothing in Defendants' motion to strike was even remotely directed at Crabtree's gender or race, nor did anything in the motion mock Crabtree.[2] Plaintiff's allegations of racism by defense counsel in this instance are wrongheaded at best.

---

[2] In response to Defendants' Motion for Protective Order, Sanctions, and Request for an Immediate Hearing (Doc. No. 75), Plaintiff alleges that the following language was mockery: "Defendants also objected because the affidavit attempts to use the affiant as a medical expert, have the affiant

In their Motion for Protective Order, Sanctions, and Request for an Immediate Hearing (Doc. No. 75), Defendants seek the following relief:

(A) Immediately order Plaintiff to cease and desist from threatening Defendants, Defendants' counsel, prospective witnesses, or anyone else related to this matter in any manner;

(B) Order that Plaintiff cease and desist from publicly maligning Defendants, their counsel, and related parties;

(C) Immediately Order Plaintiff to refrain from publishing any material which maligns Defendant, Defendants' counsel, prospective witnesses or anyone related to this matter;

(D) Order that Plaintiff refrain from filing any further matters in opposition to Defendants' pending Motion to Dismiss without seeking leave of this [c]ourt;

(E) Order that Plaintiff's claims in this matter are due to be dismissed due to his continued and intentional violation of this [c]ourt's Orders;

(F) Order that Plaintiff compensate Defendants' counsel for the amounts of legal fees expended to respond to Plaintiff's threatened actions.

(Doc. No. 75 at 10.)

The court declines to enter sanctions that amount to a prior restraint on speech. *See United States v. McGregor*, 838 F. Supp. 2d 1256, 1260 (M.D. Ala. 2012) ("[A]ny system of prior restraints of expression ... bear[s] a heavy presumption against its constitutional validity." (quoting *New York Times Co. v. United States*, 403 U.S. 713, 714 (1971) (per curiam)). Accordingly, the court will not order the relief requested in items (A) through

provide legal conclusions, and because the affiant lacks personal knowledge." (Doc. No. 79 at 5.) These grounds for objection are not mockery; they are standard language regularly used in making objections to witness testimony. Certainly nothing about them suggests that Defendants challenge Crabtree's qualifications as a witness on grounds of her race or gender. Neither do those grounds for objection "malign" Crabtree, as Plaintiff suggests. (Doc. No. 79 at 3.)

(C) of Defendants' requested relief.  Plaintiff is again admonished, however, that, despite his *pro se* status, in his communications with defense counsel as well as the court, he is to conduct himself in a manner appropriate to maintaining the dignity of the court and these proceedings.  In addition, Plaintiff should also be mindful that, as a *pro se* litigant, he is bound by Rule 11(b) of the Federal Rules of Civil Procedure[3] and may be sanctioned under Rule 11(c) if he violates that Rule.[4] Rule 11(b) provides as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an … unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

---

[3] Defendants' motion is not premised on Rule 11(b), nor does their motion meet the requirements of Rule 11(c)(2).

[4] The court makes no finding as to whether Plaintiff has violated Rule 11(b). The court merely wishes to ensure that Plaintiff understands that the Rule applies to him as an "unrepresented party." Fed. R. Civ. P. 11(b).

The court will not order Plaintiff to refrain from filing further matters in opposition to Defendants' Motion to Dismiss (Doc. No. 33), which was subsequently converted to a motion for summary judgment. A Recommendation and Order (Doc. No. 106) has been entered recommending that the court grant the motion for summary judgment. Hence, item (D) of Defendants' requested relief is moot.

Defendants' motion does not provide sufficient legal justification for item (E) on its list of requested relief: the sanction of dismissal. The only substantive legal authority Defendants cite in their motion is *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991) and *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998), and they do so in a perfunctory manner with no analysis of how that authority should be applied in this case as to any requested sanction, especially the extreme sanction of dismissal. *Cf. N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."). Merely because dismissal is a sanction that *can* be available pursuant to the court's inherent authority to manage its docket does not necessarily mean it is an appropriate sanction in this case. Defendants have not shown that dismissal is the appropriate remedy here or that lesser sanctions could not suffice. *See Mitchell Co. v. Campus*, No. CIV. A. 070177-KDC, 2009 WL 3110367, at *7 (S.D. Ala. Sept. 24, 2009) (collecting cases holding that the sanction of dismissal as an exercise of the court's inherent power requires not only a finding of a clear pattern of contumacious conduct, but also a finding that lesser sanctions would not suffice). The court declines to exercise its discretion to impose so severe a sanction as dismissal on such scant authority and argument.

*Chambers*, 501 U.S. at 44-45 (holding that, "because of their very potency, inherent powers must be exercised with restraint and discretion" and that "outright dismissal of a lawsuit … is a particularly severe sanction"). In any event, the requested relief of dismissal as a sanction is moot because the undersigned has already recommended dismissal on the merits. (*See* Doc. No. 106).

Finally, the sanction of imposing attorney's fees as listed in item (F) of Defendants' requested relief is not appropriate because Defendants have not provided any evidence of attorney's fees that were "expended to respond to Plaintiff's threatened actions" (Doc. No. 75 at 10), nor has Defendant justified why Plaintiff's actions necessitated any such fees.[5] *Cf. In re Deepwater Horizon BELO Cases*, No. 3:19-CV-07, 2022 WL 1037307, at *4 (N.D. Fla. Feb. 2, 2022*), report and recommendation adopted sub nom. In re Deepwater Horizon Belo Cases*, No. 3:19-CV-07, 2022 WL 1028030 (N.D. Fla. Apr. 6, 2022) ("Because the standard for imposing sanction[s] is high, for the court to exercise its inherent powers to sanction, a movant must prove his allegations by clear and convincing evidence."); *Barash v. Kates*, 585 F. Supp. 2d 1347, 1365 (S.D. Fla. 2006) (holding that the movant for sanctions pursuant to the court's inherent power had the burden to prove entitlement to attorneys' fees by clear and convincing evidence).

Accordingly, Defendants' Motion for Protective Order, Sanctions, and Request for an Immediate Hearing (Doc. No. 75) is due to be denied.

---

[5] The court notes that, for the reasons previously stated, Defendants' motion for sanctions, which they filed in response to Plaintiff's actions, is due to be denied.

C. Plaintiff's Motion to Sanction (Doc. No. 78)

Also before the court is Plaintiff's Motion to Sanction. (Doc. No. 78.)  Plaintiff requests that the court sanction Defendants' counsel for moving to strike Crabtree's affidavit. Plaintiff accuses Defense counsel of moving to strike Crabtree's testimony out of racism and sexism. Plaintiff's sole basis for contending that racism or sexism was involved is the coincidence that defense counsel happens to be a white man and Crabtree happens to be an African-American woman, and defense counsel filed a motion seeking to strike Crabtree's affidavit.

Plaintiff's motion for sanctions is baseless. So long as an attorney has an arguable basis in law for his objection, the attorney may object to any witness's testimony, even the testimony of a witness who is of a different race or gender. *See* Fed. R. Civ. P. 11(b). Again, nothing in Defendants' motion to strike was remotely racist or sexist, and the respective races and genders of the individuals involved does not automatically convert the situation into one involving racism or sexism. Neither was Defendants' motion to strike Crabtree's affidavit (Doc. No. 71) in any way a personal attack or, as Plaintiff alleges, "egregious, salacious, prejudicial," "insulting," "rude," an attempt to "take away [Crabtree's] first amendment rights to freedom of expression," or a "violat[ion of] her civil rights." (Doc. No.78.) Defendants, through their counsel, merely objected to the affidavit on unremarkably ordinary grounds using unremarkably ordinary language.

The court is mindful that, as a *pro se* litigant, Plaintiff is unaccustomed to the language of litigation and of evidentiary objections. However, Plaintiff is again reminded to take care that he meets his obligations under Rule 11(b). Litigation is often a contentious

affair, but that is no excuse for unjustifiably imputing personal, racist, or misogynist attacks to what is merely well-within-bounds legal advocacy by the opposing party's counsel. Plaintiff's Motion to Sanction (Doc. No. 78) is due to be denied because it baseless.

D. Plaintiff's Motion to Consider Proposed Order (Doc. No. 81)

The court next turns to Plaintiff's Motion to Consider Proposed Order. (Doc. No. 81.) Plaintiff requests the court enter the following proposed order:

> In light of the evidence presented, I hereby order that Defendant[s'] Motion to Dismiss is DENIED. This case will proceed to Discovery.

(Doc. No. 81-1)

For the reasons stated in the February 22, 2023 Recommendation and Order (Doc. No. 106), Plaintiff is not entitled to a favorable ruling on Defendants' Motion to Dismiss (later converted to a motion for summary judgment) (Doc. No. 33). For the same reasons, Plaintiff's Motion to Consider Proposed Order (Doc. No. 81) is due to be denied.

E. Plaintiff's Motion to Strike (Doc. No. 89)

The court also has before it Plaintiff's Motion to Strike. (Doc. No. 89.) Plaintiff requests that the court strike "any filing made by counsel for the Defendants prior to the pending hearing on December 7, 2022, and subsequent to this date of 11.30.22." (*Id*. at 1.) Plaintiff states that he is "very concerned [Defense counsel] will make claims that I will have no time to defend prior to the hearing nor will I have time to prepare my reply should his complaints be considered at the hearing." (*Id*.)

Plaintiff has not been prevented from responding to any motion or other document filed by Defendants, as is evident from Plaintiff's numerous filings, and as the court

observed at the December 7, 2022 hearing. Plaintiff's Motion to Strike (Doc. No. 89) is due to be denied as moot.

## F. Defendants' Motion to Strike Plaintiff's Submitted Affidavits and Supplement to Motion for Protective Order (Doc. No. 91)

The court next turns to Defendants' Motion to Strike Plaintiff's Submitted Affidavits and Supplement to Motion for Protective Order. (Doc. No. 91.) Defendants seek to strike Plaintiff's Affidavit of Facts (Doc. No. 79-6), Affidavit of Wilburn Keys (Doc. No. 80-1), Affidavit in The Matter of Lombard v Baker (Doc. No. 82 (*sic*)), Affidavit from Wilton Irvon Lombard, Jr Concerning Memories of My Parents (Doc. No. 83 (*sic*)), Affidavit of Thanksgiving (Doc. No. 85), and Affidavit and Supplemental Exhibits (Doc. No. 87). Defendants also move to supplement their Motion for Protective Order, Sanctions, and Request for Immediate Hearing. (Doc. No. 75).

In their motion, with one exception, Defendants cite absolutely no legal authority for the proposition that Plaintiff's filings should be stricken from the record[6] or for their requests for sanctions. The only exception pertains to Defendants' citation of General Order 3156[7] in support of their request that the court strike the entirety of Plaintiff's

---

[6] Plaintiff cites no rules or legal authority regarding the propriety of striking material from the record. The court notes that Rule 12(f) authorizes the Court to strike material from pleadings. Affidavits are not pleadings, however, particularly when not attached to or incorporated in a pleading. *See* Fed. R. Civ. P. 7(a) (providing that "pleadings" include a complaint, answer, reply to counterclaim, answer to counterclaim, third-party complaint and third-party answer); Fed. R. Civ. P. 7(b) (separately addressing "motions and other papers").

[7] The United States District Court for the Middle District of Alabama's General Order 3156 concerns procedures for consent to exercise of jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636. Among other things, General Order 3156 provides that "The Clerk shall not disclose to any judge the identify of any party requesting reassignment."

Affidavit in The Matter of Lombard v Baker (Doc. No. 82) because it contains an allegation that Defendants "did not want the Magistrate [Judge] to hear this case as they filed a document rejecting a hearing by a Magistrate. I will let the court decide what this means but I know in my heart." (Doc. No. 82 at 5.) Plaintiff's comment baselessly casting aspersions on Defendants' motives in allegedly exercising their right not to consent falls precariously close to sanctionable conduct.[8] Plaintiff is again reminded of his obligations under Rule 11(b) and the potential for sanctions under Rule 11(c). However, the court will not strike Plaintiff's Affidavit in The Matter of Lombard v Baker (Doc. No. 82) on grounds that it contains a statement alleging that Defendants did not consent to exercise of jurisdiction by a magistrate judge; the statement had and will have no effect on this case and, in any event, there is no use in striking it now that the parties have brought the court's attention to it.

The undersigned again assures all parties that there are and have been no adverse consequences to any of them for declining to consent to jurisdiction by a magistrate judge. The undersigned has no reason to question why Defendants allegedly did not consent to a magistrate judge, as they are entitled to do, nor has the fact that one or more parties declined

---

[8] Plaintiff made his comment in the midst of a filing accusing Defendants of being racists. Thus, Plaintiff's comment, "I will let the court decide what [Defendants' alleged decision not to consent] means but I know in my heart," taken in context, nestled as it is among so many accusations of racism, appears to be yet another accusation of racist motives. The undersigned has no reason whatsoever to suspect that, in allegedly (according to Plaintiff) exercising their right not to consent, Defendants or their counsel acted with any impropriety. Plaintiff offers no evidence otherwise, only speculation and aspersions. Again, no adverse consequences have or will befall any party to this case for exercising the right to decline exercise of jurisdiction by a magistrate judge. No adverse inferences have or will be drawn from that fact that at least one party to this action must have so declined, or from Plaintiff's allegation that it was Defendants who so declined.

to consent to the exercise of jurisdiction by a magistrate judge in any way adversely affected the undersigned's opinion of the parties, counsel, or issues in this case, or any of the proceedings in this matter.

As for the remainder of the relief requested in Defendants' Motion to Strike Plaintiff's Submitted Affidavits and Supplement to Motion for Protective Order (Doc. No. 91), the motion is due to be denied. The materials Defendants seek to strike were not considered in the February 22, 2023 Recommendation and Order, nor would those materials have had any relevance to or effect on the outcome of the Recommendation and Order if the court had considered them. Moreover, Defendants wholly failed to cite any legal authority for the sanctions, striking of documents that are not pleadings, and other remaining relief requested in their motion. Fed. R. Civ P. 7(b)(1)(B) ("A request for a court order must be made by motion. The motion must … state with particularity the grounds for seeking the order."); *Goldberg for Jay Peak, Inc. v. Raymond James Fin., Inc.*, No. 16-21831-CIV, 2017 WL 7791564, at *7 (S.D. Fla. Mar. 27, 2017) (rejecting a party's argument on grounds that "[a] party's failure to cite legal authority in support of its position 'suggests either that there is no authority to sustain its position or that it expects the court to do its research.'" (quoting *Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*, 435 F.2d 850, 852 (10th Cir. 1970)).

Accordingly, Defendants' Motion to Strike Plaintiff's Submitted Affidavits and Supplement to Motion for Protective Order (Doc. No. 91) is due to be denied.

G. Plaintiff's Motion to Compel Discovery and Pretrial Settlement Conference (Doc. No. 96)

Next, the court turns to Plaintiff's Motion to Compel Discovery and Pretrial Settlement Conference. (Doc. No. 96). The February 22, 2023 Recommendation and Order recommends dismissal of this case with prejudice. The relief requested in this motion is not appropriate at this time. Pending the ruling by the United States District Judge on the February 22, 2023 Recommendation and Order (Doc. No. 106) and any objections thereto, Plaintiff's Motion to Compel Discovery and Pretrial Settlement Conference (Doc. No. 96) is due to be denied without prejudice.

H. Defendants' Renewed Motion to File Documents Under Seal (Doc. No. 102)

Also before the court is Defendants' Renewed Motion to File Documents Under Seal. (Doc. No. 102.) Defendants request that the following exhibits to their summary judgment reply brief (Doc. No. 100) be placed under seal: Exhibit 2 of Exhibit A (Doc. No. 100-1 at 16-41); Exhibit Q (Doc. No. 100-16); Exhibit S (Doc. No. 100-18); Exhibit T (Doc. No. 100-19); and Exhibit X (Doc. No. 100-23). Plaintiff filed no opposition to the motion.

The common-law right to access, inspect, and copy judicial records is "a right grounded in the democratic process" and "an essential component of our system of justice" that is "instrumental in securing the integrity of the [judicial] process" because '[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern.'" *Chicago Trib. Co. v. Bridgestone/Firestone, Inc*., 263 F.3d 1304, 1309, 1311 (11th Cir. 2001) (quoting *Landmark Comm. v. Virginia*, 435 U.S. 829, 839 (1978)).

Because public access is so important to ensuring the transparency, integrity, and democratic legitimacy of the courts, "[t]here is . . . a 'presumption that judicial records should be available to the public.'" *DePuy Synthes Prods., Inc. v. Veterinary Orthopedic Implants, Inc.*, 990 F.3d 1364, 1369 (Fed. Cir. 2021) (quoting *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1236 (11th Cir. 2013)). However, the common law right of access "is not absolute." *Id.* at 1311; *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 430 (5th Cir. August 1981)[9] (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)). "As with any other form of access, it may interfere with the administration of justice and hence may have to be curtailed." *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Warner Commc'ns*, 435 U.S. at 598.

"The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co*., 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1309). "'[T]he nature and character of the information in question'" determines "'[w]hether good cause exists." *Id.* (quoting *Chicago Tribune*, 263 F.3d at 1315). Several factors are relevant to the balancing test for determining good cause to maintain court documents under seal, including "whether the

---

[9] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, whether access is likely to promote public understanding of historically significant events, and whether the press has already been permitted substantial access to the contents of the records." *Newman*, 696 F.2d at 803 (citing *Warner Commc'ns*, 435 U.S. at 598–603 & n. 11); *see also Belo*, 654 F.2d at 434 (noting that the Supreme Court "recogniz[es] that a number of factors may militate against public access"). Other factors may be relevant as well. *See*, *e.g.*, *Romero*, 480 F.3d at 1246 (holding that, in conducting the good cause balancing test, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents").

The trial court's resolution of the balancing task and the public's right of access is a matter of discretion "'to be exercised in light of the relevant facts and circumstances of the particular case.'" *Id.* at 430 (quoting *Warner Commc'ns*, 435 U.S. at 599). Given the fact- and circumstance-intensive nature of the inquiry, "'no clear rules can be articulated as to when judicial records should be closed to the public;'" thus, the decision necessarily rests within the trial court's sound discretion. *Id.* (quoting *United States v. Mitchell*, 551 F.2d 1252, 1260 (D.C. Cir. 1976), *rev'd other grounds sub nom. Warner Commc'ns*, 435 U.S. 589). Where, as here, a trial court's decision is reviewed for abuse of discretion, the "court has a range of choices available to it." *Advance*, 918 F.3d at 1165; *see Kern v. TXO*

*Prod. Corp.*, 738 F.2d 968, 971 (8th Cir. 1984) ("The very concept of discretion presupposes a zone of choice within which the trial courts may go either way.").

Defendants have met their burden to establish that good cause exists for sealing Exhibit X to their summary judgment reply (Doc. No. 100-23), which contains personally identifying information. Further, the court notes that Exhibit X is a death certificate for a death that occurred fewer than 25 years ago, which is generally not a publicly available record, *see* Ala. Code 1975 § 22-9A-21; the public will suffer no prejudice from its being sealed here.

As to all exhibits except Exhibit X to Defendants' reply brief, the court is also inclined to grant the motion to seal, albeit for reasons slightly broader than those argued in Defendants' motion. Those exhibits contain written documentation of Plaintiff's accusations that his father, Wilton Lombard, Sr. ("Lombard, Sr."), abused him and another family member when the two were minors. Some of the allegations are particularly detailed and graphic. Defendants argue that Plaintiff's allegations against Lombard, Sr. are due to be stricken to avoid scandal and damage to Lombard, Sr.'s good name. The authority Defendants cite does not involve abuse allegations of the sort that Plaintiff made against Lombard, Sr., and Defendants do not explain why the authority they cited should be applied to their Exhibits containing abuse allegations against a deceased person. *Cf. United States v. Byrd*, 11 F. Supp. 3d 1144, 1149, 1153 (S.D. Ala. 2014) (finding that letters of support from the defendant's friends, family, and community that were submitted for use during sentencing "generally are within the scope of the common-law right of access," but that

"the common-law balancing test tilts toward non-disclosure of the particular letters maintained in the [defendant's] sentencing file").

Regardless of whether Lombard, Sr.'s "good name" is entitled to protection by sealing the documents,[10] the court concludes that the records are due to be sealed to protect the privacy of the third-party family member whom Lombard claims was abused, as well as Lombard himself. The two were minors when Lombard, Sr. allegedly abused them. At the July 6, 2022 hearing, the court told Plaintiff not to publicly file material of this kind. It is not appropriate for Defendants to publicly file similar materials, particularly when Plaintiff has been instructed not to, those materials are only tangentially relevant to Defendants' reasons for arguing that the case should be dismissed, and those materials are immaterial to the reasoning in the February 22, 2023 Recommendation and Order. There exists a real potential for harm in not sealing the documents – not only to Plaintiff's privacy interests, but to the privacy interests of the other family member whom Lombard, Sr. allegedly abused. *Cf. Fauntleroy v. DeKalb Cnty.*, No. 1:20-CV-02254-SDG, 2022 WL 525887, at *1 (N.D. Ga. Feb. 22, 2022) ("The Clerk is further DIRECTED to SEAL [the *pro se* plaintiff's] objections …, which identify the minor victim in the criminal case pending against him as well as the nature of the sexual abuse he allegedly perpetrated against that victim."); *cf. also* Ala. R. App. P. 52 ("In any case involving … a victim of

---

[10] The court makes no finding as to whether Lombard, Sr.'s good name or the potential for public scandal justify sealing the documents, as Defendants failed to adequately explain or provide on-point legal authority for those arguments.

child abuse … the appellate court shall make reasonable efforts to preserve the anonymity of such a person.").

Moreover, though Defendants filed the documents in conjunction with the summary judgment motion, they played no real role in the judicial process, as the court neither considered nor relied on them in its February 22, 2023 Recommendation and Order. *See Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1311 (11th Cir. 2001) ("[W]hen applying the common-law right of access federal courts traditionally distinguish between those items which may properly be considered public or judicial records and those that may not; the media and public presumptively have access to the former, but not to the latter."); *see also United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) (holding that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access;" rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process"). *But see Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access."). Assuming that the Exhibits (other than Exhibit X) are judicial records merely because Defendants attached them to their summary judgment reply brief and cited them in the portion of the brief containing the statement of facts, those Exhibits were of little relevance to Defendants' substantive arguments and they were of no relevance at all to the February 22, 2023 Recommendation and Order addressing the summary judgment motion.

In determining whether the reasons for keeping the information confidential outweigh the right of private access, the court has considered the following relevant factors: the nature and character of the information has little, if any, relevance to the determination of substantive or dispositive matters in these proceedings; the information has no known bearing on matters of public significance; there exists substantial potential for injury to the privacy interests of Plaintiff and the additional family member whom Plaintiff claims Lombard, Sr. abused as a minor; there will be little opportunity to respond to the material in public filings, as Plaintiff has already been told not to file similar materials and this litigation is likely nearing its end; the court has an obligation to manage its docket to prevent the litigation from becoming unnecessarily extended by litigation of extraneous matters; and less onerous alternatives would almost inevitably necessitate further extraneous filings to allow the parties to address the reliability of allegations that are of little or no relevance to the substantive or dispositive legal issues in this case. Accordingly, for good cause, the court concludes that, in addition to Exhibit X (Doc. No. 100-23), the following exhibits should be maintained under seal: Exhibit 2 of Exhibit A (Doc. No. 100-1 at 16-41); Exhibit Q (Doc. No. 100-16); Exhibit S (Doc. No. 100-18); and Exhibit T (Doc. No. 100-19).

Therefore, Defendants' Renewed Motion to File Documents Under Seal (Doc. No. 102) is due to be granted.

I. Plaintiff's Reply to False, Defamatory, Stigmatizing, and Injurious Allegations and Motion to Seal (Doc. No. 103) and Plaintiff's Reply to False, Defamatory, Stigmatizing, and Injurious Allegations and Motion to Strike and Motion to Seal (Doc. No. 104).

Also before the court are Plaintiff's Reply to False, Defamatory, Stigmatizing, and Injurious Allegations and Motion to Seal (Doc. No. 103) and Plaintiff's Reply to False, Defamatory, Stigmatizing, and Injurious Allegations and Motion to Strike and Motion to Seal (Doc. No. 104). The court will address the motions together as they are almost identical. Though Plaintiff is no doubt aware of the requirements for demonstrating that a document should be sealed,[11] Plaintiff has not provided any information or legal authority from which the court could conclude that the material to which Plaintiff objects should be sealed. Plaintiff also has not provided any authority or grounds for striking the material to which he objects. Plaintiff's reason for requesting that the material be stricken and/or sealed is his contention that the material contains false allegations. However, in Plaintiff's motion, he states and explains his arguments as to why the allegations are false. Allowing Plaintiff to respond to the allegations – as he has already done – is a feasible, less onerous alternative to sealing or striking material in a reply brief involving a dispositive motion.

Accordingly, Plaintiff's Reply to False, Defamatory, Stigmatizing, and Injurious Allegations and Motion to Seal (Doc. No. 103) and Plaintiff's Reply to False, Defamatory, Stigmatizing, and Injurious Allegations and Motion to Strike and Motion to Seal (Doc. No. 104) are due to be denied. *See Romero*, 480 F.3d at 1246 (holding that, in conducting the good cause balancing test, factors for consideration include "whether allowing access

---

[11] (*See* Doc. No. 99 at 2 (January 30, 2023 Order denying Defendants' motion to seal and briefly explaining the applicable law).)

would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.").

J. Plaintiff's Motion to Compel Discovery, Motion to Compel Answers to Interrogatories, and Motion to Set for Jury Trial (Doc. No. 107)

Also before the court is Plaintiff's Motion to Compel Discovery, Motion to Compel Answers to Interrogatories, and Motion to Set for Jury Trial. (Doc. No. 107.) Plaintiff previously stated that he "respectfully agree[d] with this honorable court that adequate arguments have been made on both sides" and "thank[ed] the court" for and "expressed his agreement and support" of the January 19, 2023 Order that converted Defendants' motion to dismiss into a motion for summary judgment, notified Plaintiff of the significance of the conversion, and provided further opportunity for Plaintiff to respond to the motion. (Doc. No. 95; Doc. No. 97 at 1.) However, Plaintiff now contends that he misunderstood the January 19, 2023 Order and is now "greatly opposed" to it. (Doc. No. 107 at 3-4.) Among other things, Plaintiff now seeks to compel discovery and answers to interrogatories in order to explore "the depths of deception that may have been reached by [Defendants]" in unduly influencing Lombard, Sr., to change the terms of the Living Trust. (Doc. No. 107 at 20.)

However, the February 22, 2023 Recommendation and Order (Doc. No. 106) recommended dismissal of this action on grounds that were not dependent on the "depths

of deception" to which Defendants allegedly sank. Rather, the February 22, 2023 Recommendation and Order (Doc. No. 106) recommended dismissal because the statute of limitations had elapsed on claims Plaintiff brought on his own behalf, because Plaintiff neither argued nor provided evidence that he requested an accounting of the Trust while he was a qualified beneficiary, and for other alternative reasons such as the fact that Plaintiff is not the real party in interest to assert claims on his deceased father's behalf, nor can he represent his deceased father's estate *pro se*. Dismissal on statute-of-limitations grounds operates as a dismissal on the merits. Because Plaintiff's claims are due to be dismissed on the grounds set out in the February 22, 2023 Recommendation and Order (Doc. No. 106), there is no need for discovery into the "depths" of Defendants' underlying alleged conduct.

In addition, Plaintiff alleges that he was hospitalized "three times for mental health treatment," thus rendering him unable to pursue his legal remedies. He states that, while he does not know the exact dates of his hospitalizations, he was hospitalized three times:  "the first time was in 2006 in Bedford, TX, the second time was about 2012 in Baldwin County, AL, and the third time was about 2017 in Alabaster, AL while my father," Lombard, Sr., "was living as he did call me during that time to check on me." (Doc. No. 107 at 16.) Discovery to obtain more specific information regarding these hospitalizations would not affect the outcome of the February 22, 2023 Recommendation and Order (Doc. No. 106) because they all occurred prior to the time that the statute of limitations began to run. Also, the existence of those hospitalizations does not negate the undisputed evidence on summary judgment that, during the time that the limitations statutes were running, Plaintiff, though presumably suffering from disabilities, was nevertheless able to pursue his legal

remedies and he did pursue legal remedies in federal court during that time as a *pro se* plaintiff. (*See* Doc. No. 106 at 17-21, 26-27, 29-30, 34-35.)

Therefore, pending the ruling by the United States District Judge on the February 22, 2023 Recommendation and Order (Doc. No. 106) and any objections thereto, Plaintiff's Motion to Compel Discovery, Motion to Compel Answers to Interrogatories, and Motion to Set for Jury Trial (Doc. No. 107) is due to be denied without prejudice.

## III.    CONCLUSION

Accordingly, it is ORDERED as follows:

1.    Defendants' Motion to Strike Plaintiff's Affidavit of Mary Crabtree (Doc. No. 71) is DENIED;

2.    Defendants' Motion for Protective Order, Sanctions, and Request for an Immediate Hearing (Doc. No. 75) is DENIED;

3.    Plaintiff's Motion to Sanction (Doc. No. 78) is DENIED;

4.    Plaintiff's Motion to Consider Proposed Order (Doc. No. 81) is DENIED;

5.    Plaintiff's Motion to Strike (Doc. No. 89) is DENIED;

6.    Defendants' Motion to Strike Plaintiff's Submitted Affidavits and Supplement to Motion for Protective Order (Doc. No. 91) is DENIED;

7.    Plaintiff's Motion to Compel Discovery and Pretrial Settlement Conference (Doc. No. 96) is DENIED without prejudice;

8.    Defendants' Renewed Motion to File Documents Under Seal (Doc. No. 102) is GRANTED;

a.   The Clerk of the Court is directed to place the following documents under seal: Defendants' Response to Plaintiff's Reply to Motion for Summary Judgment (Doc. No. 100); Exhibit 2 of Exhibit A (Doc. No. 100-1 at 16-41); Exhibit Q (Doc. No. 100-16); Exhibit S (Doc. No. 100-18); Exhibit T (Doc. No. 100-19); and Exhibit X (Doc. No. 100-23).

b.   **On or before March 8, 2023,** Defendants shall file the redacted copy of Defendants' Response to Plaintiff's Reply to Motion for Summary Judgment currently attached as an exhibit to their Renewed Motion to File Documents Under Seal (Doc. No. 102). Plaintiff is ADVISED that this is not a new reply and requires no response from him; it is simply a copy of the previously-filed reply from which the material that the court has determined shall be maintained under seal has been redacted. Although the parties are not precluded from filing timely objections to the February 22, 2023 Recommendation and Order (Doc. No. 106), no new briefing on the Motion for Summary Judgment (Doc. No. 33) will be allowed.

9.   Plaintiff's Reply to False, Defamatory, Stigmatizing, and Injurious Allegations and Motion to Seal (Doc. No. 103) is DENIED;

10.   Plaintiff's Reply to False, Defamatory, Stigmatizing, and Injurious Allegations and Motion to Strike and Motion to Seal (Doc. No. 104) is DENIED; and

11.   Plaintiff's Motion to Compel Discovery, Motion to Compel Answers to Interrogatories, and Motion to Set for Jury Trial (Doc. No. 107) is DENIED without prejudice.

DONE this 6th day of March, 2023.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE