IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILTON IRVON LOMBARD, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DARLENE MARIE LOMBARD ) <br> BAKER, *et al.*, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 2:22-cv-328-ECM <br> (WO) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Recommendation of the Magistrate Judge (doc. 106) which recommends that the Defendants' motion for summary judgment (doc. 33) be granted, and this case dismissed. On February 27, 2023, the Plaintiff filed a Reply to the Recommendation (doc. 107). On March 6, 2023, the Plaintiff filed a Supplement to Motion to Vacate (doc. 108), and on March 7, 2023, he filed a Motion to Vacate (doc. 110). The Court construes these filings as objections to the Recommendation.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and

Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Stokes v. Singletary,* 952 F.2d 1567, 1576 (11th Cir. 1992) ("[w]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.") (quoting *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)). Otherwise, a Report and Recommendation is reviewed for clear error.

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections. *See* 28 U.S.C. § 636(b). The Plaintiff's Objections largely reiterate the claims made in the complaint and he makes conclusory assertions that the Defendants' motion for summary judgment should be denied. The Plaintiff's general objections do not merit *de novo* review; his general objections are reviewed for clear error. The Plaintiff makes conclusory assertions that he is entitled to relief against the Defendants and offers a recitation of his claims, but he does not point to any legal error committed by the Magistrate Judge. His general objections are due to be overruled.

However, the Plaintiff makes one objection that is sufficiently specific to warrant *de novo* review. The Plaintiff does not challenge the Magistrate Judge's determination that his claims are barred by the statute of limitations. Rather, he argues that he is entitled to equitable tolling to avoid dismissal on that basis.

The statute of limitations may be equitably tolled "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017);

*Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, it is an "extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). Equitable tolling is utilized only "in extreme cases where failure to invoke the principles of equity would lead to unacceptably unjust outcomes." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008). To be entitled to equitable tolling, Lombard must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (*en banc*). To satisfy the diligence requirement, Lombard must show only "reasonable diligence," not "maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010).

The Plaintiff argues that he is entitled to equitable tolling due to mental illness. "[M]ental impairment is not *per se* a reason to toll a statute of limitations." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (alteration added) (emphasis in original). "[T]he alleged mental impairment must have affected the [plaintiff's] ability to file a timely [complaint]." *Id.* (alteration added). "Mental incompetence can be an extraordinary circumstance that warrants equitable tolling if a plaintiff establish[es] a causal connection between his alleged mental incapacity and his ability to file a timely petition." *Stamper*, 863 F.3d at 1342 (alteration in original) (internal quotations omitted). Lombard has failed to establish a causal connection between his mental illness and his failure to file his complaint within the statute of limitations. In his objections, Lombard asserts that he was hospitalized for mental health treatment in 2006, 2012 and "about 2017." (Doc. 107 at 16).

3

As noted by the Magistrate Judge, the statute of limitations period began to run on July 4, 2018 and expired on January 4, 2019. (Doc. 106 at 17). This action was filed on June 1, 2022. (Doc. 1). Lombard offers no explanation as to why he could not file this action within the limitations period. His conclusory allegations that he was impaired are insufficient to warrant the extraordinary remedy of equitable tolling. There is nothing before the Court to demonstrate a causal connection between Lombard's alleged mental illness and his failure to timely file his complaint. Because Lombard cannot establish the requisite causal connection, he is not entitled to equitable tolling and his objection on this basis is due to be overruled.

Even if Lombard was able to establish a causal connection between his mental illness and his ability to timely file his complaint, he has failed to demonstrate that he acted with due diligence in pursuing his claims. Lombard offers no explanation as to why his mental illness prevented him from filing his complaint in this court until June 1, 2022, especially in light of the fact that he was litigating in the United States District Court for the Northern District of Texas during the applicable limitation period. (Doc. 106 at 9-10). Nor does he explain how he was able to sufficiently overcome his mental illness to file and pursue this action now. Under the circumstances of this case, the Court concludes that Lombard's objections are due to be overruled, his claims are barred by the statute of limitations, and the Defendants' motion for summary judgment is due to be granted.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows that:

1.    The Plaintiff's objections (docs. 107, 108 and 110) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 106) is ADOPTED.

3. The Defendants' motion for summary judgment (doc. 33) is GRANTED.

4. This lawsuit is DISMISSED with prejudice.

A separate final judgment will be entered.

DONE this 15th day of March, 2023.

    /s/   Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE